**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. Action No. 11-783(RMB) |
| v. : | **OPINION** |
| : | |
| JAMES M. HARRIS, III : | |

**BUMB**, District Judge:

This matter is before the Court upon a motion for reduction of sentence filed by James M. Harris, III, ("Defendant") on September 15, 2015, [Docket Entry No. 166] and September 27, 2016, [Docket Entry No. 169]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 782.

I.  BACKGROUND

On October 15, 2012 Defendant was convicted after a jury trial of a two count Superseding Indictment charging him with conspiring to commit robbery in violation of Title 18, U.S.C. § 1951(a), and Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846 (contrary to §§ 841(a)(1) and (b)(1)(A)).

1

At Defendant's sentencing hearing on March 07, 2013 [Docket Entry No. 112], the Court found that Defendant's Total Offense Level was 36 with a Guidelines range from 188 to 235 months. The Court considered the § 3553 factors and sentenced Defendant to a prison term of 211 months, which was in the middle of the then-applicable Advisory Guideline range, on each count, to be served concurrently plus a five-year term of supervised release and a $200 special assessment. On December 4, 2013, the Third Circuit Court of Appeals affirmed this Court's judgment against the Defendant.

On September 27, 2016, Defendant filed the instant motion for a retroactive sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence should be reduced in light of the two-level drug offense reduction provided by Amendment 782 to the U.S.S.G. Application of the amended guideline in the present case results in a decrease of the total offense level from 36 to 34, and a decrease in the resulting Guidelines range from 188 to 235 to 151 to 188 months imprisonment. Specifically, Defendant requests that this Court reduce his sentence to 151 months imprisonment, which is the bottom of the amended Advisory Guideline range. The Government agrees that Defendant should be granted a sentence reduction, but opposes Defendant's request for his sentence to be reduced to 151 months. The Government, instead, contends that the Court should

2

not reduce the Defendant's sentence. Defendant and the Government agree that no hearing is necessary to resolve the instant motion.

II. STANDARD

A district court may only modify a valid sentence if such authority is conferred by federal statute. Gregory v. Grondolsky, 2009 WL 2132430, at *3 (D.N.J. July 10, 2009) (citing United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001)). Section 3582(c)(2) sets forth the analysis to be used in reducing an imposed term of imprisonment as a result of the Sentencing Commission's reduction in the advisory guideline range pursuant to 28 U.S.C. § 994(o). Specifically, Section 3582(c)(2) states that a district court may, upon consideration of the factors in 18 U.S.C. § 3553(a), reduce a defendant's sentence in light of a subsequent reduction in the applicable guideline range, if doing so is consistent with the applicable policy statements of the Sentencing Commission. See 18 U.S.C. § 3582(c)(2).

The Supreme Court has held that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission," including Section 1B1.10 of the U.S.S.G., which is a policy statement concerning reductions to a term of imprisonment as a result of an amendment to an advisory guideline range applicable to Section 3582(c)(2). Dillon v.

United States, 560 U.S. 817, 821 (2010); U.S.S.G. § 1B1.10. Under U.S.S.G. § 1B1.10, eligibility for a sentence reduction requires that the amendment be applicable to the defendant and serve to lower the defendant's previously calculated guideline range. Put differently, the defendant must not have previously received a sentence at or below the bottom of the now-amended range (other than due to substantial assistance). Additionally, U.S.S.G. § 1B1.10 "instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Dillon, 560 U.S. at 821 (quoting U.S.S.G. § 1B1.10).

Amendment 782 to the U.S.S.G., effective November 1, 2014, lowered the offense levels for most drug offenses on the 2D1.1 Drug Quantity Table by two levels, including the offense for which Defendant was convicted. See U.S. v. Jones, 605 F. App'x 81, 82 (3d Cir. 2015) (per curiam). Amendment 782 was enacted to reflect the Sentencing Commission's determination that "setting the base offense levels slightly above the mandatory minimum penalties is no longer necessary to achieve its stated purpose," as well as to address "the significant overcapacity and costs of the Federal Bureau of Prisons." United States Sentencing Commission Guidelines Manual, Supp. App. C at 72, 73.

III. ANALYSIS

The Court must first determine whether Defendant is eligible for reduction of his sentence pursuant to Amendment 782. As Defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," namely U.S.S.G. Section 2D1.1, Defendant is eligible for a reduction of his sentence pursuant to Amendment 782, which reduced the offense levels assigned to most drug quantities under U.S.S.G. Section 2D1.1(c) by two. The Government does not dispute this. This reduction lowers Defendant's Total Offense Level from 36 to 34. His amended Advisory Guideline range of imprisonment is now 151 to 188 months.

After concluding that Defendant is eligible for a two-level reduction in his offense level, the Court must now determine whether a reduction in Defendant's sentence is warranted and, if so, the extent of the reduction. See United States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009) ("The determination as to whether a reduction is warranted . . . is committed to the discretion of the district court."). In exercising its discretion, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances

of the case." Dillon, 560 U.S. at 827 (citing 18 U.S.C. § 3582(c)(2)). The Commentary to Section 1B1.10, the policy statement implementing Section 3582(c)(2), directs courts to consider the relevant Section 3553(a) factors, public safety considerations, and a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(i)-(iii). For the following reasons, the Court finds that a reduction in Defendant's sentence from 211 months to 188 months is warranted.

    A. Section 3553(a) Factors

Section 3553(a) requires courts to consider the following factors in determining the particular sentence to be imposed: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kind of sentences available; (4) the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; (5) any pertinent policy statement issued by the Sentencing

Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The question is whether a sentence within the newly constituted guideline range addresses these factors. Defendant's offense was serious. Defendant was involved in a scheme to rob a drug stash house of money and drugs, and then to sell the stolen drugs for profit. He was "ready" for the robbery and in his own words, it was "another day at the job." PSR at ¶ 45. This was and remains disturbing to the Court.[1] The Defendant's readiness and callousness to commit such crime which, as far as Defendant was concerned, could have involved the killings of individual(s) is very troubling. Additionally, there are aspects of Defendant's submission to the court that are troubling as well. As the Government pointed out in its submission, the Defendant does appear to cast blame on others besides himself for his criminal conduct. See Docket No. 172.

---

[1] Defendant asks this Court to consider that reverse sting operations target racial and ethnic minorities. The facts of this case, however, demonstrated that Harris was brought into the conspiracy by members of the Bloods street gang with whom Defendant admits he associated with at the time. Defendant's persistent contention that "he never gave voice to any violent intentions" (Dkt. No. 171) is not supported by the record.

Nonetheless, the Court recognizes that time has passed, and Defendant has continued to make productive use of his prison time. As set forth in Defendant's brief, Defendant's institutional adjustment has been "exemplary"; he participates in Bureau of Prison programming and tutors fellow inmates pursuing their GEDs. Docket No. 170.

The court finds that a sentence within the applicable Guideline range will promote respect for the law and deter future criminal conduct by Defendant and others. A lesser sentence may be perceived as too lenient.

Public safety is also promoted by a sentence within the applicable Guideline range. The scheme in which Defendant was involved is inherently dangerous and injurious to the public safety. The Court once again finds that a sentence within the applicable Guideline range protects the public from further crimes by the Defendant.

The Court has also considered the kind of sentences that are available, which include imprisonment. The Court has, of course, considered the amended Advisory Guideline range of imprisonment established for the category offense committed by this Defendant, which is 151 to 188 months. Additionally, the Court is cognizant of the need to avoid unwarranted sentence disparities among defendants with similar criminal records and

finds that a sentence within the applicable Guideline range serves this need.

The Court reiterates, as it stated during Defendant's sentencing hearing, that it does not consider the need for treatment or training in imposing the term of imprisonment. This factor becomes relevant in the Court's determination of the terms of supervised release. Finally, restitution is not at issue in this matter.

In sum, the Section 3553(a) factors support a reduction in Defendant's sentence. However, given the seriousness of the offense committed by the Defendant, and the need for deterrence, both specific and general, and to promote respect for the law, as well as all the other 3553 factors discussed above, the Court finds that a reduction from 211 months to 188 months, the top of the amended Advisory Guideline range, is appropriate.

### B. Public Safety Considerations

The Court also considers "the nature and seriousness of the danger" to the public that may be posed by a reduction in Defendant's sentence in determining whether a reduction is warranted and, if so, the extent of the reduction. U.S.S.G. § 1B1.10 cmt. 1(B)(i)-(iii). The Government earlier argued that Defendant's conviction of a double murder underscored the fact that Defendant posed a danger to the public. Yet, Defendant's conviction has been overturned and the matter has been remanded

to the Superior Court of new Jersey for a new trial. Docket no. 185. Even with this new development, the Court remains convinced that, in light of Defendant's role and participation in a very serious offense, as well as the other factors outlined above, a sentence at the top of the Guidelines range is warranted.

      C. Post-Sentencing Conduct

The Court considers Defendant's post-sentencing conduct as well in determining whether a sentence reduction is warranted and, if so, the extent of the reduction. As this Court has discussed, since the imposition of his original sentence, Defendant has made productive use of his prison time. The Court finds that the application of the sentence reduction, from 211 months to 188 months, sufficiently recognizes Defendant's post-sentencing conduct.

IV.   CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion for a reduction of his sentence by two levels pursuant to 18 U.S.C. § 3582(c)(2). Defendant's term of imprisonment shall be reduced from 211 months to 188 months. An appropriate Order shall issue.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Date: January 3, 2019