[Dkt. No. 197]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                              :
UNITED STATES OF AMERICA,     :
                              :
            v.                : Crim. No. 11-783 (RMB)
                              :
JAMES M. HARRIS, III          : **OPINION**
_____:


This matter comes before the Court upon Defendant James M. Harris' Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). Dkt. No. 30. Defendant is currently serving his sentence at FCI Schuylkill with an estimated release date of April 28, 2025.

On October 15, 2012, Defendant was convicted by a jury with conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The evidence demonstrated that Harris conspired with others to commit a home invasion-style robbery of kilogram quantities from a cocaine stash house. On March 7, 2013, the Court sentenced Defendant to 211 months imprisonment and 5 years of supervised release. On January 3, 2019, this Court granted Harris's motion for a reduced sentence pursuant to U.S.C. § 3582(c)(2) and United States Sentencing

Guidelines Amendment 782, and reduced Harris's sentence to 188 months.

On January 4, 2021, Defendant filed his motion for compassionate release from prison based on the fear of contracting COVID-19. As he alleges, the "current conditions and circumstances present . . . significant risk of exposure and injury to [them]." The Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release.

## DISCUSSION

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors

> set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory requirement that this Court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016). There is no disagreement that Defendant has exhausted his administrative remedies. The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce

3

his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

---

[1] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

> (I)   suffering from a serious physical or medical condition,
>
> (II)  suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could

---

sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

5

identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D)

As best the Court can determine, the Defendant seeks compassionate release from prison because of his generalized fear of contracting COVID-19. He does not allege – nor do the records support – that he suffers from any medical condition that increases his risk of serious illness from COVID-19. As the Government provides, the medical records classify him as someone who does not fall into a risk category. See Dkt. No. 200, at 4 and attached Exhibits.

Moreover, the Government has introduced evidence of the steps that the BOP is taking to mitigate the spread of the virus. See Dkt. No. 200, at 5. These measures appear to be working. When Defendant filed his motion he contended that there were 130 positive cases. See Dkt. No. 197, at 7. According to the BOP's website, as of this Opinion, there are 10 positive inmates and 14 positive staff cases.[2] Thus, the Court finds that Defendant has not established an extraordinary or compelling reason to justify his compassionate release.

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must consider

---

[2] https://www.bop.gov/coronavirus

6

the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). The crimes for which the Defendant was convicted were serious and violent crimes. Had the crime succeeded in the way Defendant thought it would have happened several individuals would have been killed. This Court has commented on more than one occasion that the Defendant had no hesitancy about the killing of a human being.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction. The Defendant has displayed violent tendencies, and the Court remains concerned especially about the need to protect the public. For similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence. Given the significant time remaining on the Defendant's sentence, this Court cannot find that the §3553(a) factors warrant his release. Rather, they counsel in favor of continued incarceration.

The Motion is therefore DENIED.

                                                          s/Renée Marie Bumb_____  
                                                          RENÉE MARIE BUMB  
                                                          United States District Judge  
Dated: February 16, 2021